UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MATT RHOADES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:22-cv-02145-RLY-KMB |
| ) | |
| GROUNDSWORK CONTRACTING, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER DENYING MOTIONS FOR PROCEEDINGS SUPPLEMENTAL WITHOUT PREJUDICE

Presently pending before the Court are the Plaintiffs' Motions for Proceedings Supplemental. [Dkts. 37; 38.] For the reasons explained below, these motions are **DENIED WITHOUT PREJUDICE**.

### I. BACKGROUND

Plaintiffs Matt Rhoades, in his capacity as Trustee, and Indiana State Council of Plasterers and Cement Masons Health and Welfare Pension Funds (collectively "Plaintiffs") brought this lawsuit against Groundswork Contracting, Inc. ("Groundswork") under provisions of the Employee Retirement Income Security Act. [Dkt. 1.] On March 15, 2024, the Court issued an Order of Default Judgment, which stated that Groundswork is indebted to the Plaintiffs in the sum of $1,590,775.44. [Dkt. 36.] The Plaintiffs then filed a Motion for Proceedings Supplemental against Groundswork as the Judgment Defendant and a second Motion for Proceedings Supplemental against Germantown Trust & Savings Bank as a Garnishee Defendant. [Dkts. 37; 38.] These motions are not verified under penalty of perjury and are not accompanied by supporting affidavits sworn under penalty of perjury. [*Id.*]

## II.  DISCUSSION

"Proceedings supplementary to execution are remedial actions authorized by statute. They enable creditors to enforce money judgments against non-paying debtors." *Garner v. Kempf*, 93 N.E.3d 1091, 1095 (Ind. 2018) (internal citation omitted).  Under Fed. R. Civ. P. 69, "proceedings supplementary to and in aid of judgment or execution" of a money judgment "must accord with the procedure of the state where the court is located."  Fed. R. Civ. P. 69(a)(1). Furthermore, the judgment creditor "may obtain discovery from any person—including the judgment debtor—as provided in these or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2).

As this case is pending in the United States District Court for the Southern District of Indiana, Indiana Trial Rule 69(E) governs any proceedings supplemental to aid in enforcement. Indiana Trial Rule 69(E) provides, in relevant part, "proceedings supplemental to execution may be enforced by *verified* motion or with affidavits in the court where the judgment is rendered." Ind. Trial R. 69(E) (emphasis added).

The pending motions do not comply with Indiana Trial Rule 69(E) because they are not verified or accompanied by sworn affidavits.  Accordingly, these motions, [dkts. 37; 38], are **DENIED WITHOUT PREJUDICE**.  The Plaintiffs may refile *verified* motions for proceedings supplemental in compliance with Indiana Trial Rule 69(E).

**So ORDERED**.

Date: 5/7/2024

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email