UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MATT RHOADES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:22-cv-02145-RLY-KMB |
| ) | |
| GROUNDSWORK CONTRACTING, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTIONS FOR PROCEEDINGS SUPPLEMENTAL**

Presently pending before the Court is the Plaintiffs' Verified Motions for Proceedings Supplemental. [Dkts. 40; 41.] As explained below, the motions are **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

Plaintiffs Matt Rhoades, in his capacity as Trustee, and Indiana State Council of Plasterers and Cement Masons Health and Welfare Pension Funds (collectively "Plaintiffs") brought this lawsuit against Groundswork Contracting, Inc. ("Groundswork") under provisions of the Employee Retirement Income Security Act. [Dkt. 1.] On March 15, 2024, the Court issued an Order of Default Judgment, which stated that Groundswork is indebted to the Plaintiffs in the sum of $1,590,775.44. [Dkt. 36.]

The Plaintiffs then filed a Motion for Proceedings Supplemental against Groundswork as the Judgment Defendant and a second Motion for Proceedings Supplemental against Germantown Trust & Savings Bank ("Germantown") as a Garnishee Defendant. [Dkts. 37; 38.] These motions were denied without prejudice because they were not verified under penalty of perjury as required by Indiana Trial Rule 69(E). [Dkt. 39.]

Since that time, the Plaintiffs have filed verified motions for proceedings supplemental in accordance with the Court's previous Order.  [Dkts. 40; 41.]  They ask that Groundswork "be ordered to appear before the Court to answer as to [its] non-exempt property subject to execution and proceedings supplemental to execution; and, that [Groundswork] be ordered to apply such property towards satisfaction of the judgment." [Dkt. 40 at ¶ 3.]  They also ask that Germantown be ordered "to answer interrogatories under oath concerning all monies or other property being held for or due or about to become due to [Groundswork], and return same to Plaintiffs on or before the date set out in said Interrogatories, and that the Court thereafter issue an appropriate order to apply said property towards the Judgment, and that [Germantown] be ordered to place a hold on all of [Groundswork's] assets up to the amount of the judgment." [Dkt. 41 at 2.]

## II.  LEGAL STANDARD

"Proceedings supplementary to execution are remedial actions authorized by statute. They enable creditors to enforce money judgments against non-paying debtors." *Garner v. Kempf*, 93 N.E.3d 1091, 1095 (Ind. 2018) (internal citation omitted).  Under Federal Rule of Civil Procedure 69, "proceedings supplementary to and in aid of judgment or execution" of a money judgment "must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1).  Furthermore, the judgment creditor "may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."  Fed. R. Civ. P. 69(a)(2).

As this case is pending in the United States District Court for the Southern District of Indiana, Indiana Trial Rule 69(E) governs any proceedings supplemental to aid in enforcement. Indiana Trial Rule 69(E) provides:

> (E) **Proceedings Supplemental to Execution**.  Notwithstanding any other statute to the contrary, proceedings supplemental to execution may be enforced by verified

2

>motion or with affidavits in the court where the judgment is rendered alleging generally:
>
>>(1) that the plaintiff owns the described judgment against the defendant;
>>
>>(2) that the plaintiff has no cause to believe that levy of execution against the defendant will satisfy the judgment;
>>
>>(3) that the defendant be ordered to appear before the court to answer as to his nonexempt property subject to execution or proceedings supplemental to execution or to apply any such specified or unspecified property towards satisfaction of the judgment; and,
>>
>>(4) if any person is named as garnishee, that garnishee has or will have specified or unspecified nonexempt property of, or an obligation owing to the judgment debtor subject to execution or proceedings supplemental to execution, and that the garnishee be ordered to appear and answer concerning the same or answer interrogatories submitted with the motion.
>
>If the court determines that the motion meets the foregoing requirements it shall, ex parte and without notice, order the judgment debtor, other named parties defendant and the garnishee to appear for a hearing thereon or to answer the interrogatories attached to the motion, or both.
>
>The motion, along with the court's order stating the time for the appearance and hearing or the time for the answer to interrogatories submitted with the motion, shall be served upon the judgment debtor as provided in Rule 5, and other parties and the garnishee shall be entitled to service of process as provided in Rule 4. The date fixed for appearance and hearing or answer to interrogatories shall be not less than twenty [20] days after service. No further pleadings shall be required, and the case shall be heard and determined and property ordered applied towards the judgment in accordance with statutes allowing proceedings supplementary to execution. In aid of the judgment or execution, the judgment creditor or his successor in interest of record and the judgment debtor may utilize the discovery provisions of these rules in the manner provided in these rules for discovery or as provided under the laws allowing proceedings supplemental.

Ind. R. Trial P. 69(E).

"A court's sole objective in conducting proceedings supplemental is 'determining whether an asset is in the judgment debtor's possession or subject to the judgment debtor's control and can

3

be attached to satisfy the judgment.'" *Garner*, 93 N.E.3d at 1095 (quoting *Prime Mortgage USA, Inc.*, 885 N.E.2d 628, 668 (Ind. Ct. App. 2008)).

### III.  DISCUSSION

The Plaintiffs ask that Groundswork be ordered to appear for an in-person hearing to answer as to the company's non-exempt property or earnings subject to execution and proceedings supplemental to execution.  [Dkt. 40 at ¶ 3.]  This request is **GRANTED**.  The Plaintiffs, by counsel, and Groundswork, by counsel and by its agent, **SHALL APPEAR** for an **in-person hearing** at the following time and location:

**July 24, 2024, at 3:00 p.m. (Eastern)**
**United States Courthouse, Room 243**
**46 E. Ohio Street, Indianapolis, IN 46202**

Groundswork's agent must be prepared to answer questions about the company's income, assets, profits, and other non-exempt property subject to execution and proceedings supplemental to execution.  The Plaintiffs' request that Groundswork "be ordered to apply such property towards satisfaction of the judgment," [*id.*] is **DENIED WITHOUT PREJUDICE** as premature.  The Plaintiffs may renew their request following the hearing as set above.

The Plaintiffs ask that Germantown place a hold on Groundswork's assets up to the amount of the judgment. [Dkt. 41 at 2.]  This request is **GRANTED**.  Germantown is **ORDERED** to place a hold on its depository account(s) of Groundswork pursuant to Ind. Code § 28-9-3-4, until further Order of this Court.  The Plaintiffs shall pay Germantown a fee of $5.00 in accordance with Ind. Code § 28-9-3-4(d)(5) ("An adverse claimant shall do all of the following: . . . Pay to the depository financial institution five dollars ($5) for each judgment defendant identified by the adverse claimant under subdivision (1). This fee may not be assessed as a cost to the judgment defendant in the action.").

4

They also ask that Germantown answer interrogatories and return those interrogatories to them within the time set out in the interrogatories. This request is **GRANTED IN PART**. The rules governing both federal and state proceedings supplemental allow use of the usual methods of discovery. *See* Fed. R. Civ. P. 69(a)(2); Ind. R. Trial. P. 69(E). The Plaintiffs may therefore serve Germantown with interrogatories relevant to the proceedings supplemental. Germantown shall answer those interrogatories under oath and return them to the Plaintiffs within 30 days of service. *See* Fed. R. Civ. P. 33(b)(2).

## IV.  CONCLUSION

The Plaintiffs' Verified Motions for Proceedings Supplemental, [dkt. 40, 41], are **GRANTED IN PART** and **DENIED IN PART** as outlined above.

This matter is set for an in-person hearing on **July 24, 2024, at 3:00 p.m. (Eastern)** at the United States Courthouse, **Room 243**, 46 E. Ohio St., Indianapolis, IN, 46204. The Plaintiffs shall appear by counsel. Groundswork shall appear by counsel and by an agent with sufficient knowledge of the company's income, assets, profits, and other non-exempt property to answer relevant questions at the hearing. Germantown is not required to attend the in-person hearing but must answer the Plaintiffs' interrogatories in a manner consistent with the Federal Rules of Civil Procedure and this Court's Local Rules. Germantown must also place a hold on Groundswork's assets up to the amount of the judgment.

The Plaintiffs are **ORDERED** to serve a copy of this Order, their Verified Motions for Proceedings Supplemental to Execution [dkts. 40, 41], and the Order of Default [dkt. 1], on Groundswork and Germantown **within 7 days of the issuance of this Order**. The Plaintiffs shall pay Germantown a statutory fee of $5.00 at the time of service.

The **CLERK SHALL** add "Germantown Trust & Savings Bank " as a Garnishee Defendant on the docket.

**So ORDERED**.

Date: 5/15/2024

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

Brian C. James
ARNOLD & KADJAN
bjames@aandklaw.com

Donald D. Schwartz
ARNOLD & KADJAN
dds@aandklaw.com